IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:90cr12

RODNEY CURTIS HAMRICK,

Petitioner.

**MEMORANDUM OPINION**

Rodney Hamrick, a federal prisoner proceeding pro se, seeks an Amended Judgment and Commitment Order from this Court ("Motion to Amend Judgment") in order to change his name in the Bureau of Prisons's ("BOP") computer system. (ECF No. 47, 49.) The United States has responded. (ECF No. 50.) The matter is ripe for disposition. Because Hamrick fails to provide an appropriate procedural vehicle permitting the Court to change his name in the Judgment and Commitment Order, the Court will deny his Motion to Amend Judgment.

**I.    BACKGROUND AND CLAIM**

This Court convicted Hamrick in 1990 of thirteen counts, including possession by an inmate of an incendiary device, unlawfully making destructive incendiary device by inmate, possession of an unregistered firearm, and transmission in interstate commerce of a communication containing a threat. (Judgment in a Criminal Case 1.) Hamrick possesses an extensive criminal history of creating and sending explosive devices

through the United States mail. (See Gov't's Reply (ECF No. 50) 2-4.) The Bureau of Prisons ("BOP") currently houses Hamrick in the maximum security penitentiary in Florence, Colorado.

In the present Motion to Amend Judgment, Hamrick contends: "Pursuant to Bureau of Prison's policy [Federal Bureau of Prisons, Prison Statement, P5800.12 and 5800.5] and to accommodate defendant's religious preferences, defendant seeks from this Court an Order (Amended Judgment and Commitment Order) changing his name to Zechariah Antonios Al-Masgoon, which is defendant's adopted Coptic Orthodox Christian name." (Mot. (ECF No. 47) 1.)[1] He contends a state court order "would be useless and not recognized by the BOP." (Response (ECF No. 49) 1.) Hamrick argues that he has a common law and "First Amendment[2] right to use his common law name in accordance with Ecclesiastical Law, Orthodox Christian Church canons, and custom." (Id. at 2 (citations omitted).) As explained below, Hamrick fails to demonstrate any authority that would permit the Court to enact the name change he desires in the Judgment and Commitment Order.

---

[1] The Court corrects the capitalization in quotations to Hamrick's submissions.

[2] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

2

## II. ANALYSIS

### A. Names Recognized By The BOP

According to the BOP Program Statement cited by Hamrick, the BOP recognizes three names in its inmate data collection system, SENTRY: the committed, legal, and true names. Federal Bureau of Prisons, Program Statement ("BOP Program Statement") P5800.15 § 402(d) (2009). The "name entered on the [Judgment and Commitment Order] is considered the committed name to be used by the inmate, as well as the Bureau." Id. The "committed name . . . may only be changed by an order from the Federal sentencing court." Id. "Additionally, inmates may adopt name changes in accordance with religious affiliations or other lawful means." Id. In order to demonstrate a legal name change, the inmate bears the "responsibility to provide [the BOP] staff with verifiable documentation of the name change which will be entered by staff in the SENTRY 'legal' name field." Id. Finally, the BOP recognizes a true name or true names, comprised of any aliases by which the inmate is known. Id.[3]

While an inmate possesses a right to legally change his name for religious reasons, inmates have no right to require the

---

[3] Hamrick fails to provide whether he has availed himself of the ability to have his assumed name added to SENTRY as a true name.

BOP "to change their internal record-keeping and identification procedures whenever an inmate changes his name, legally or otherwise." Rahman v. Stephenson, 626 F. Supp. 886, 887 (1986) (citing Akbar v. Canney, 634 F.2d 339 (6th Cir. 1980)). Even when an inmate changes his legal name, the BOP may require identification by both the new religious name and committed name without constitutional implications. See id.; see also United States v. Baker, 415 F.3d 1273, 1274 (11th Cir. 2005) (explaining that "dual-name policy" is constitutional). Thus, to the extent Hamrick desires to have his committed name removed from the BOP system, and desires for the BOP to identify him solely by his assumed name, the BOP has no constitutional obligation to do so. See Baker, 415 F.3d at 1274 (citations omitted).

### B. Hamrick Provides No Verifiable Documentation of His Name Change

Hamrick petitions this Court to change his name on the Judgment and Commitment Order, however, he fails to provide any authority for this Court to do so. First, Hamrick provides no proof that he changed his legal name. Hamrick attaches religious certificates bearing his assumed name, however, these documents reflect no legal name change by any governmental entity.

4

As discussed above, BOP policy recognizes religious name adoptions in instances where the inmate "provides verifiable documentation of the name change." BOP Program Statement P5800.15 § 402(d). In states that permit inmates to change names legally, the BOP is generally required to recognize only legally changed names. See Malik v. Brown, 71 F.3d 724, 727-28 (9th Cir. 1995) (citations omitted). Colorado law provides that "[e]very person desiring to change his or her name may present a petition to that effect, verified by affidavit, to the district or county court in the county of the petitioner's residence." Co. Stat. § 13-15-101(1)(a)(I) (West 2012). However, under Colorado law, "the court shall not grant a petition for a name change if the court finds the petitioner was previously convicted of a felony." Co. Stat § 13-15-101(2)(b). Colorado law makes one exception to this prohibition: when "the petitioner must have a legal name change in order to be issued in that name a driver's license or identification card from the department of revenue." Co. Stat. § 13-15-101(3). Hamrick fails to demonstrate that he qualifies for a legal name change under Colorado law.

Even if Hamrick proves that he has effected a legal name change, the Court has no constitutional obligation to change Hamrick's name in the Judgment and Commitment Order. United

5

States v. White, 490 F. App'x 979, 982 (10th Cir. 2012); accord United States v. Baker, 415 F.3d 1273, 1274 (11th Cir. 2005) (citations omitted) (upholding refusal to amend judgment and commitment order and holding that "an inmate is not entitled to have [court] documents that pre-dated his legal name change altered").

Hamrick provides no authority upon which this Court must change his name in the Judgment and Commitment Order.

## C. No Common Law Right Compels Name Change

Hamrick next argues that he possesses a common law right to change his name. Nevertheless, no "concomitant right to compel the Government to accept and recognize a common-law name change" exists. Brown v. Cooke, No. 06-cv-01092-MSK-CBS, 2009 WL 641301, *8 (D. Colo. Mar. 9, 2009); see also Salahuddin v. Coughlin, 591 F. Supp. 353, 359 (S.D.N.Y. 1984) (upholding prison policy that refused to recognize common-law name changes of inmates). Thus, Hamrick fails to demonstrate that the common law requires this Court to alter the Judgment and Commitment Order to reflect his religiously assumed name.

## D. No First Amendment Right Compels Name Change

Hamrick contends that he "has a First Amendment right to use his common law religious name." (Pet. 2.) First, Hamrick's Motion to Amend Judgment filed in his criminal case is not the

6

appropriate vehicle in which to seek redress of alleged violations of his First Amendment rights in prison. White, 490 F. App'x, at 982-83.[4] Second, an inmate has no constitutional right to retroactively change the name under which he was convicted or have his pre-existing documents and prison records altered to reflect his newly adopted name. See id. at 982; Baker, 415 F.3d at 1274 (citing Barrett v. Virginia, 689 F.2d 498, 503 (4th Cir. 1982); Akbar v. Canney, 634 F.2d 339, 340 (6th Cir. 1980)).

Finally, the case Hamrick cites for his First Amendment claim, Malik v. Brown, 71 F.3d 724 (9th Cir. 1995), lacks factual applicability to Hamrick's situation. Malik involved an inmate's constitutional right to use his legally changed religious name in conjunction with his committed name. See id. at 727-28. As discussed above, Hamrick directs the Court to no documentation reflecting that he legally changed his name. Thus, Hamrick fails to demonstrate how Malik compels this Court to change Hamrick's name under the First Amendment or that this Motion to Alter Judgment filed in his criminal case is the appropriate vehicle to raise a First Amendment challenge to a BOP policy.

---

[4] Instead, Hamrick must file a civil complaint in the district of his incarceration.

Hamrick fails to demonstrate that the First Amendment compels this Court to change his name in the Judgment and Commitment Order.

### III. CONCLUSION

Hamrick provides no authority compelling this Court to change his name in the Judgment and Commitment Order. Accordingly, his Motion to Amend Judgment (ECF No. 47.) is denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Hamrick and counsel for Respondent.

An appropriate Final Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: ~~April~~ _01_, 2013
    May